# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 9, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN A. WHITT,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0982** (BOR Appeal No. 2049282)
                    (Claim No. 2014015366)

**SLEEPY HOLLOW GOLF CLUB, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John A. Whitt, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated August 25, 2014, in which the Board affirmed a February 19, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 9, 2013, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Whitt, a groundskeeper, alleges that he was injured in the course of his employment on July 26, 2013. He filed an application for benefits on August 23, 2013, after he sought treatment at Charleston Area Medical Center where he reported that he slipped and fell at work five weeks prior. He stated that he had another hernia and had a significant protrusion in his right side. He believed that he tore open a previously repaired hernia. The employee's and physician's report of injury listed the diagnosis as right inguinal hernia. On September 19, 2013, Mr. Whitt underwent hernia repair surgery. The preoperative diagnosis was recurrent right inguinal hernia, and the postoperative diagnosis was right inguinal hernia. Mr. Whitt's application for benefits was rejected on October 9, 2013.

1

Mr. Whitt submitted two letters to the claims administrator in support of his claim. In the first letter, he stated that when he was treated at Charleston Area Medical Center on August 23, 2013, he was informed that his hernia was a recurrence of a 2011 hernia. After he underwent surgery, however, he alleges that his surgeon stated that the hernia was new and not related to his 2011 hernia. In a second letter, Mr. Whitt stated that he fell at work on July 26, 2013; stopped working on August 28, 2013; and had surgery the following day. He asserted that when he fell at work on July 26, 2013, he thought he just pulled a leg muscle. He stated that he informed his supervisors of the injury. He also stated that his condition grew worse over the next few weeks so he sought treatment.

On January 24, 2014, Eric Tucker, Mr. Whitt's co-worker, testified in a hearing before the Office of Judges. He stated that Mr. Whitt told him that he fell and hurt himself at some time but did not say how he hurt himself. Mr. Whitt worked for several days after making that statement and never mentioned a hernia. Chris Whittington, Mr. Whitt's immediate supervisor, also testified. He stated that Mr. Whitt did not report an injury to him in mid to late August, and he was not aware that he fell or was injured. Mr. Whittington testified that Mr. Whitt was loading a cart one day and said that he was hurting. Mr. Whittington asked if he was injured at work, and Mr. Whitt said that he was not injured at work and that he had done it before. Marshall Klay, the golf course superintendent, also testified. He stated that he first became aware of Mr. Whitt's medical condition when he got a phone call on August 23, 2013, from his wife. She stated that Mr. Whitt would not be in to work that day due to a medical condition. Mr. Whittington asserted that he never received a report about a slip, fall, or accident sustained by Mr. Whitt, and he was not made aware of the details of the incident until a claim was filed.

The Office of Judges affirmed the claims administrator's rejection of the claim in its February 19, 2014, Order. It found that a preponderance of the evidence does not support holding the claim compensable. It determined that Mr. Whitt's statements that he reported the incident are not supported by those of his co-worker and supervisors. He asserted in his protest letter that he slipped and fell on July 26, 2013, but he never reported the incident at work. There was no report of injury to Sleepy Hollow Golf Club, Inc., until late August of 2013. Given the inconsistencies, the Office of Judges found that a compensable injury did not occur. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 25, 2014.

On appeal, Mr. Whitt argues that the Office of Judges erred in its finding that his testimony was less reliable than that of his coworkers. He asserts that he reported the injury as soon as it happened, and that Mr. Klay's testimony that he did not report the injury until August 23, 2013, is not reliable.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Mr. Whitt alleges that he was injured on July 26, 2013; however, he did not inform his employer of the injury until he filed a claim on August 23, 2013. He asserts that he reported the injury when it happened; however, testimony and statements from a co-worker and two supervisors indicates otherwise. The Office of Judges and Board of Review did not err

in finding the testimony of Mr. Whitt's co-worker and supervisor to be more reliable than that of Mr. Whitt.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  July 9, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman